# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CHRISTOPHER ROSENTHALL,**                                                    **PETITIONER**

**v.**                        **No. 3:04CV114-D-A**

**DONALD CABANA, ET AL.**                                         **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Christopher Rosenthal for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner was convicted of capital murder in the Circuit Court of Grenada County, Mississippi. On July 19, 2001, that court sentenced the petitioner to a term of life without parole in the Mississippi Department of Corrections. On July 24, 2001, the petitioner filed a Motion for Judgment Notwithstanding the Jury Verdict, or in the Alternative, Motion for a New Trial, in the Grenada County Circuit Court. The court denied that motion July 30, 2001. On June 14, 2002, the petitioner filed a direct appeal with the Mississippi Supreme Court, assigning as error the following:

> I. The death qualification of the jury during voir dire deprived the Appellant of due process of law by denying him a jury of his peers on the issue of guilt by disproportionately eliminating African American jurors from the panel during the guilt phase of the trial over the objections of the Appellant.
>
> II. The trial court erred in refusing Instruction D-4 thereby failing to adequately instruct the jury on the Constitutional right of the Appellant to not testify during the trial.

III. The trial court erred in refusing Instruction D-2 which instructed the jury that evidence that the co-defendant had plead guilty and had received a sentence was not to be considered as evidence of the guilt of the Appellant guilt [sic].

On May 8, 2003, the Mississippi Supreme Court affirmed the petitioner's conviction. *Rosenthall v. State*, 844 So. 2d 1156 (Miss. 2003), (Cause No. 2001-KA-01610-SCT). The court held as follows on the respective claims:

> I. [...] Rosenthall claims that the challenges for cause on the basis of anti-death penalty views resulted in exclusion of African-Americans from the jury. [...I]t appears as though Rosenthall is making a *Batson* challenge, although it is not expressly stated. [...] This claim was not raised at trial; therefore it is barred upon appeal. *Williams v. State*, 684 So. 2d 1179, 1203 (Miss. 1996).
>
> After the selection of the jury, Rosenthall moved for a mistrial. Rosenthall alleged he was being denied a jury of his peers by the striking of jurors who had an opinion against the death penalty inasmuch as those jurors were mostly African-American jurors. [...] The test for determining whether a prospective juror's views on the death penalty justify removal is whether the trial court finds that "the juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Manning v. State*, 735 So. 2d 323, 335 (Miss. 1999). There were veniremen who stated that they were opposed to the imposition of the death penalty and who further stated they would not be able to disregard their religious beliefs. The trial court offered consideration regarding the jury and stated:
>
>> The Court finds that this jury panel was drawn in accordance with the law by random selection by computer with all parties present. No objection was made to the selection process of the jury. The Court finds that the makeup of the jury as considerable members of each race and each gender on the panel. Some of the people that we have just been over were excused for reasons other than their position on the death penalty, so the figure of eighteen with four of them white does not accurately reflect why some of them have been excused. In any event, the questions were asked consistent with what the law requires in relation to the death penalty. They have been excluded because of their answers and not because of anything in relation to race one way or another. And therefore, the Motion[1] is overruled.

---

[1] Neither the petitioner, nor the State, nor the court, characterized this issue as a *Batson* challenge at trial. The petitioner made no objections during jury selection. The petitioner did, however,

This Court agrees with the trial court's rationale. Rosenthall has not demonstrated any prejudice in the jury selection. This issue is without merit.

[Rosenthall also] suggests that one jury should be empaneled to try the question of the accused's guilt upon an indictment for capital murder and that another jury should be empaneled to determine the appropriate sentence.

The sentence of death was not imposed upon Rosenthall. The verdict rendered in the case at bar was a life sentence. This life sentence bars any imposition of the death sentence upon retrial. Because Rosenthall did not receive the death penalty, his assignment of error is irrelevant and thus will not be considered. *See Austin v. State*, 784 So. 2d 186, 192 (Miss. 2001).

II. Rosenthall alleges that the trial court erred in refusing to grant the proposed jury instruction D-4, which would have directed the jury to draw no inference against him from his failure to testify.

[...] "The trial court enjoys considerable discretion regarding the form and substance of jury instructions." *Higgins v. State*, 725 So. 2d 220, 223 (Miss. 1998). "A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which... is fairly covered elsewhere in the instructions, or is without foundation in the evidence." *Id*. The trial court explained that this instruction was refused on the ground of repetitiveness in light of the fact that Instruction C-4 was given. Additionally, Rosenthall failed to demonstrate an abuse of discretion in the trial court's refusal of repetitive instructions. This assignment of error is without merit.

III. Rosenthall alleges that the trial court erred in refusing his proffered jury instruction D-2. [...] The record reflects that Rosenthall was attempting to impeach State's witness James Pickens with the fact of his convictions of crimes arising from the murder of the victim for the purpose of proving bias or interest in this case. Case law stipulates that "when defense counsel elicits the testimony complained of any valid objections were waived by the defendant." *Warren v. State*, 369 So. 2d 483, 486 (Miss. 1979).

Additionally, no authority is cited by Rosenthall which alleges that he is entitled to have a cautionary instruction given concerning the impeachment of evidence that he elicited. While D-2 was not given, D-6 was given. We find jury instruction D-6 sufficient. The trial court instructed the jury to regard the

---

move for a mistrial after the conclusion of jury selection. The Mississippi Supreme Court addressed the motion for a mistrial in the present quotation.

accomplice's testimony with great *suspicion* and to consider it with *caution*. That is the essence of proposed instruction D-2. Hence, the jury was properly instructed as to the law. *Wheller v. State*, 560 So. 2d 171, 173 (Miss. 1990). No further instruction was necessary.

On March 18, 2004, the petitioner filed an Application for Leave to File Motion for Post Conviction Relief. In his own words, Rosenthall alleged as follows:

I. Christopher Rosenthall, is illegally imprisoned since his conviction and illegal sentence rests upon an indictment that was conspired to defraud the government of justice.

II. Petitioner claims that statements obtained in violation of *Kyles v. Whitley*, 514 U.S. 419, 453 (1995), was violated when prosecutor's failed at trial to disclose extensive criminal record of state's chief witness, and withheld from Petitioner existence and nature of deals between state and witness in return for witness inculpatory testimony. Thereby violating Petitioner's due process.

III. Petitioner contends that a cautionery accomplice instruction should have been given.

IV. The evidence was insufficient to support a conviction of capital murder. The lower court errored in denying Petitioner's Motion for J.N.O.V. or New Trial.

V. Ineffective assistance of counsel.

VI. Prosecutor's knowingly an willfully used prejured testimony to convict Petitioner.

VII. Prosecutor misconduct.

VIII. Petitioner alleges a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986).

IX. Petitioner contends that by officers talking on the witness stand about how somebody was acting or what somebody was saying to them that wasn't called as a witness violated his Sixth Amendment right provided by the Confrontation Clause.

The Mississippi Supreme Court denied the petitioner's Application for Post Conviction Relief On May 5, 2004. The Court held as follows:

> This matter is before a panel of this Court . . . on the Application for Leave to File Motion for Post-Conviction Relief filed pro se by Christopher Rosenthall. After due consideration, the panel finds that Rosenthall's illegal sentence claim is without merit. Further, the ineffective assistance of counsel claims raised by Rosenthall do not pass the standard set for [sic] in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The remaining issues raised by Rosenthall are procedurally barred. Miss. Code Ann. § 99-39-21(1). The application should be denied.

On July 25, 2004, the petitioner filed the instant petition for a writ of *habeas corpus*. The petitioner alleges the following grounds, which the court quotes verbatim below:

> **GROUND 1:** Christopher Rosenthall is illegally imprisoned, since, his conviction, and illegal sentence rests upon an indictment that was conspired to defraud the government of justice.
>
> **GROUND 2:** Petitioner claims that statements obtained in violation of *Kyles v. Whitley*, 514 U.S. 419, 453 (1995) was violated.
>
> **GROUND 3:** Petitioner contends that a cautionery accomplice instruction should have been given.
>
> **GROUND 4:** The evidence was insufficient to support a conviction of capital murder. The lower court errored in dening pentitioner's motion for j.n.o.v. or new trial.
>
> **GROUND 5:** Ineffective assistance of counsel.
>
> **GROUND 6:** Prosecutor's knowingly an willfully used prejured testimony to convict petitioner.
>
> **GROUND 7:** Prosecutor misconduct.
>
> **GROUND 8:** Petitioner alleges a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986).
>
> **GROUND 9:** Petitioner contends that his Sixth Amendment right ptovided by the Confrontation Clause was violated.
>
> **GROUND 10:** Petitioner is actually innocent of capital murder his conviction and life sentence would therefore steam from a miscarriage of justice and violate the Eight and Fourteenth Amendments of the Constitution.

## Discussion

Grounds Two through Four, as well as grounds Six through Nine, were dismissed under an independent and adequate state procedural rule (failure to raise the issues on direct appeal). As such, under the limited review available to a federal court in that instance, these grounds must be dismissed. The petitioner did not present Ground Ten or portions of Ground Five to the state supreme court for review. Therefore, this court can review these claims only in limited circumstances not applicable in this case. As such, Ground Ten and the remaining portions of Ground Five shall be dismissed. Finally, Ground One and part of Ground Five have been reviewed on the merits in state court and rejected. These claims are thus not subject to federal *habeas corpus* review except in certain circumstances not present in this case. Therefore, as each of the grounds set forth in the instant petition for a writ of *habeas corpus* is not subject to federal review, the petition shall be dismissed with prejudice. Each of the grounds and the basis for its dismissal shall be discussed in detail below.

### Grounds Two, Three, Four, Six, Seven, Eight, and Nine

A federal court has no power to review a state law determination that is sufficient to support a judgment, as the resolution for any independent federal ground for the decision could not affect the judgment and would thus be only advisory. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1039 (1989). The independent and adequate state law doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's claims because the prisoner failed to meet state procedural requirements. *Coleman v. Thompson*, 111 S.Ct. 2546, 2253-54 (1991). The petitioner waived Grounds Two through Four and Six through Nine when he failed to appeal them in state court. Indeed, the Mississippi Supreme Court rejected the claims for that reason. The petitioner did raise these seven objections in his application for post-

conviction relief, but Mississippi law prohibited the state appellate courts from reviewing the issues during the post-conviction stage because the issues had not been raised in an earlier proceeding. MISS. CODE ANN. § 99-39-21(1). The petitioner failed to meet state procedural requirements with respect to grounds Two through Four and Six through Nine; as such, federal *habeas corpus* review is unavailable to him on these issues. These grounds shall therefore be dismissed.

## Procedural Bar: Ground Ten and Portions of Ground Five

In Ground Five the petitioner alleges five instances in which he claims his counsel was ineffective. He claims that counsel was ineffective for: 1) failing to investigate, 2) failing to provide the petitioner with a discovery motion, 3) failing to meet with the petitioner until two days prior to trial, 4) failing to object to the petitioner's indictment on the basis of illegality, and 5) failing to raise stronger issues on direct appeal. Of these claims, the petitioner presented only the fifth to the state courts for review. As discussed below, the first four claims in Ground Five shall be dismissed as procedurally barred. In Ground Ten, the petitioner uses the term "actual innocence," but the substance of his claim is that counsel was ineffective for failing to present all the claims the petitioner wished to pursue on direct appeal. The petitioner did not, however, describe the acts or omissions of counsel that would lead to a finding of ineffective assistance; he simply stated that his attorney used the three weakest arguments on appeal. As such, the petitioner's claim in Ground Ten shall be dismissed with prejudice.

In the final claim of Ground Five and the entire claim in Ground Ten, the petitioner failed to challenge his trial attorney's actions on direct appeal or during his pursuit of state post-conviction relief. The state's highest appellate court must be given the opportunity to judge all challenges to a conviction before those issues reach a federal court for *habeas corpus* review.

*Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995); *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his claims in state court pursuant to an independent and adequate state grounds). The petitioner has failed to exhaust these claims in state court; in addition, the petitioner's means to do so are no longer available. MISS. CODE ANN. § 99-39-27(9). Therefore, an attempt to return to state court at this juncture would be procedurally barred. *Id.* This Court is thus precluded from reviewing the petitioner's unexhausted state claims (Ground 10 and the first four issues of Ground Five) because the petitioner has defaulted these claims. *Sones*, at 416; *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1743 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546 (1991)). As such, Ground Ten and the first four issues in Ground Five shall be dismissed as procedurally barred.

## Reviewed on the Merits in State Court:
## Ground One and a Portion of Ground Five

The Mississippi Supreme Court has already considered Ground One and the fifth claim in Ground Five on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground One or the fifth claim in Ground five of petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As

-9-

discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas* review issues already decided on the merits.

**Ground One**

The petitioner argues in Ground One that probable cause did not exist to bind him over to the Grand Jury after his preliminary hearing – or for the Grand Jury to indict the petitioner. The petitioner alleges that the judge presiding over the petitioner's preliminary hearing stated on the record that the evidence adduced at the hearing was insufficient to bind the petitioner over to the grand jury on a charge of capital murder. Instead, the judge allegedly found that the petitioner had admitted that he was a drug dealer, and the judge bound the petitioner over to the Grand Jury on that basis. The Grand Jury later found the evidence against the petitioner sufficient to proceed to trial, and a jury convicted the petitioner of capital murder.

The petitioner argues that the judge's decision to bind the petitioner over to the Grand Jury invalidated all of the judicial proceedings that followed. The petitioner's argument fails, as the probable cause ruling of the Justice Court Judge at a preliminary hearing is not binding on the Grand Jury; indeed, "[t]he [Justice Court Judge] may neither try, convict, nor acquit in cases involving felonies[,] and nothing the [Justice Court Judge] does or can do will affect the power of the grand jury to indict for the purpose of bringing the accused to trial in the circuit court." *Beard v. State*, 369 So.2d 769 (Miss. 1979). The state court's dismissal of this issue was thus reasonable in fact and in law; as such, this court may not review this ground for relief.

**The Final Claim in Ground Five**

The petitioner argues in his final claim set forth in Ground Five that his attorney was ineffective because he failed to raise stronger issues on direct appeal. In order to establish a

-10-

claim of ineffective assistance of counsel, the "petitioner must demonstrate both that his counsel's performance was *deficient* and that the deficient performance of counsel *prejudiced* the defendant (prejudice prong)." *Amos v. Scott*, 61 F.3d 333, 347-348 (5th Cir. 1995) (emphasis added), *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In order to prove that counsel was deficient, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687, *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). The court must use a deferential "objective standard of reasonableness" carrying a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, *Amos*, 61 F.3d at 348.

A *habeas corpus* petitioner must then show prejudice – "a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* The prejudice must be so great that the proceeding has been rendered "fundamentally unfair." *Faubion*, 19 F.3d at 228. Finally, a court may "dispose of [an ineffective assistance of counsel] claim based solely on a petitioner's failure to meet either prong of the test." *Amos*, 61 F.3d at 348. A court must not substitute its own judgment using the crystal clarity of hindsight for the judgment of counsel in the often murky water he faces during litigation. *Strickland*, 466 U.S. at 679, *Faubion*, 19 F.3d at 232.

The petitioner's counsel presented the following issues to the Mississippi Supreme Court on direct appeal:

> I.  The death qualification of the jury during *voir dire* deprived the appellant of due process of law by denying him a jury of his peers on the issue of guilt by disproportionately eliminating African American jurors from the panel during the guilt phase of the trial over the objections of the appellant.

> II.     The trial court erred in refusing Instruction D-4 thereby failing to adequately instruct the jury on the constitutional right of the appellant not to testify during the trial.
>
> III.    The trial court erred in refusing Instruction D-2 which instructed the jury that evidence that the co-defendant had plead guilty and had received a sentence was not to be considered as evidence of the guilt of the appellant . . . .

Brief of Appellant, p. iii., Mississippi Supreme Court Case No. 2001-KA-01610.

Appellate counsel is not required to bring as error every available claim because such a practice dilutes the truly meritorious claims. "A brief that raises every colorable issue runs the risk of burying good arguments – those that . . . 'go for the jugular,' in a verbal mound made up of strong and weak contentions.'" *Jones v. Barnes,* 463 U.S. 745 (1983) (citations omitted). The decision regarding which issues to pursue on appeal was one of strategy, and the petitioner has not shown that strategy to be ineffective. The state court's dismissal of this issue was thus reasonable in fact and in law; as such, this court may not review this ground for relief.

In sum, the instant petition for a writ of *habeas corpus* shall be denied in all respects. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of June, 2006.

                                           /s/ Glen H. Davidson
                                           CHIEF JUDGE